### RANSE GOENS V. THE STATE.

*No. 786.  Decided June 26, 1895.*

**Horse Theft—Recent Possession and Reasonable Explanation—Evidence.**

Where possession of property stolen is relied on as a criminative fact against the accused, any explanation given by him of his possession, at the time he is found in possession, is admissible evidence in his behalf.

APPEAL from the District Court of Kerr. Tried below before Hon. EUGENE ARCHER.

This appeal is from a conviction for horse theft, the punishment assessed being imprisonment for five years in the penitentiary.

No statement required.

No briefs for appellant.

*Mann Trice*, Assistant Attorney-General, for the State. Confessed error in the court's refusal to permit defendant to prove that Southwood had said he had given defendant the animal for services rendered, and that appellant then said that the animal had been turned over to him for said purpose.

DAVIDSON, JUDGE.—Appellant prosecutes this appeal from a convic tion or horse theft. This is a case of circumstantial evidence. The main fact relied upon for conviction was possession by defendant of the alleged stolen animal. The animal disappeared from its accustomed range in Kerr County in the fall of 1892, and appellant was seen in possession of it in Menard County the following summer— in July or August. The remaining evidence is vague suspicion, and

mainly that appellant was seen in Kerr County prior to the time of the disappearance of the alleged stolen animal. George Sutton, testifying for the State, said he saw defendant with the animal in Menard County the latter part of July, 1893. On cross-examination, appellant offered to prove by this witness that he tried to trade the horse from appellant, and, among other things, asked him where, and from whom, he had gotten the horse, and, in reply, appellant stated that he had obtained it from one Southwood in payment of services for breaking some horses for said Southwood, and that he so received it in Menard County. This was excluded. He further offered to prove, on cross-examination of and by the State's witness Burton, that said Southwood, now in the Indian Territory, had, in his presence, said to defendant that he would give him the animal in question in payment and satisfaction of his services in breaking horses for him (said Southwood) in Menard County during the spring and summer of 1893, and that defendant then said the animal was turned over to him for said purpose. The State proved appellant's possession of the animal by these witnesses, was relying upon it as inculpatory evidence, and it was the main fact upon which conviction was sought. When possession of stolen property is relied on as a criminative fact against the accused, any explanation given by him of his possession at the time is admissible in his behalf. The evidence should have been admitted, and its rejection was error. This error is confessed by the Assistant Attorney-General. The judgment is reversed and the cause remanded.

*Reversed and Remanded.*